UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
|                                    | : |                                        |
| LENORA STEPHENS,                    | : | CASE NO. 1:19CV00784                   |
|                                    | : |                                        |
| Plaintiff,                          | : |                                        |
|                                    | : |                                        |
| vs.                                 | : | OPINION & ORDER                        |
|                                    | : |                                        |
|                                    | : | [Resolving Docs. 1, 3, 4, 9, 10, 12,   |
|                                    | : | 13, 18, 19, 21, 22, 23, 24, 25, 26,    |
|                                    | : | 30, 33]                                |
|                                    | : |                                        |
| NATIONAL CITY CORP., et al.,        | : |                                        |
|                                    | : |                                        |
| Defendants.                         | : |                                        |
|                                    | : |                                        |
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Lenora Stephens sues twenty-two defendants. In her complaint and amended complaint, Stephens alleges that the defendants engaged in a RICO conspiracy and violated numerous federal laws and her Constitutional right to due process in connection with a foreclosure on certain real property located in Cumberland County, North Carolina.

This case is dismissed for the reasons here described.

# I. Background

## A. Factual

Plaintiff's complaint, amended complaint, and attachments,[1] consist of hundreds of pages. Briefly, this action arises from a foreclosure order given in 2007 by a North Carolina state court. The North Carolina foreclosure judgment related to property owned by Plaintiff in Fayetteville, North Carolina – 606 Country Club Dr. (the "Property") – and deal with legal proceedings leading up to the foreclosure. Plaintiff claims that the defendants, including the North Carolina state court, title companies, banks, bank officers and employees, law firms, lawyers, and the individual who purchased the Property after the foreclosure, were involved in the alleged illegal foreclosure.

As background, in September 1998, Plaintiff owed a large debt to the IRS and reached a settlement with the IRS that required Plaintiff Stephens pay $20,000.

To finance the $20,000 settlement payment, Stephens applied for a residential mortgage loan with Chase Mortgage.[2] Stephens received the $20,000 loan on October 28, 1998.[3] Plaintiff failed to pay on the loan and the bank started foreclosure proceedings. In 1999 and while represented by an attorney, Plaintiff, filed a North Carolina state court action for injunctive relief to stop the impending Property foreclosure and also sought relief in North Carolina federal bankruptcy court.[4]

---

[1] Plaintiff attaches voluminous materials to her pleadings, which are considered a part thereof. Fed. R. Civ. P. 10(c). The Court may consider these attachments, as well as matters of public record, in ruling on defendants' motions to dismiss without converting the motions to summary judgment. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (abrogated on other grounds); 5B Wright & Miller, *Federal Practice and Procedure* § 1357.
[2] *See* Doc. 1-1 at 39-40; Doc. 4-1 ¶ 16.
[3] Doc. 1-1 at 40.
[4] *See id.* at 42, 65-78.

But Plaintiff's efforts to prevent the Property foreclosure failed and in 2007 the Property was sold in foreclosure. After Plaintiff's "eight-year battle with illegal activity in the banking industry criminal enterprise as well as the lawyer's continuing illegal enterprise."[5]

Plaintiff sues in federal court in the Northern District of Ohio, allegedly because she "has not and cannot get fair representation in the State of [North Carolina]."[6] Plaintiff sues defendants National City Corporation, Peter Raskind, Rebecca Brown, Laura Cauper, PNC Financial Services Group, William Demchak, Jim Rohr, Provident Financial Group, Christopher Carey, Hutchens Law Firm, John Britton, Britton Law, Substitute Trustee Services, Terry Hutchens, Phillip Heller, North Carolina Cumberland County Court, Garris Neil Yarborough, Yarborough Law Firm, Law Firm of Brooks Pierce McLendon Humphrey and Leonard, Robert King III, H. Mitchell Colvin, Jr., and McGriff Insurance Services. She says all were involved in the arguably illegal foreclosure.

Plaintiff claims nine causes of action regarding the events surrounding the foreclosure on the Property. Stephens alleges violations of various federal laws including RICO, TILA, and RESPA, and the United States Constitution.[7] For relief, which Plaintiff characterizes as a tenth cause of action, she asks this Court to "award Plaintiff quiet title" in the Property and/or monetary damages.

### B. Procedural

---

[5] Doc. 4-1 ¶ 143.
[6] *Id.* ¶ 2.
[7] *See id.* ¶¶ 205-213.

Case No. 1:19CV00784
Gwin, J.

Multiple Defendants filed motions to dismiss on various grounds - lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).[8]

Plaintiff has also filed multiple motions. On June 5,[9] June 6,[10] July 3,[11] and July 24,[12] Plaintiff sought leave for extensions of time to respond to defendants' motions[13] and to further amend her Complaint. Plaintiff also moves for default judgment against various Defendants,[14] for leave to file electronically,[15] and for leave to submit proof of service.[16]

## II. Discussion

### A. Jurisdiction

---

[8] Doc. 9, 10, 12, 13, 18, 21, 24, 25.
[9] Doc. 23.
[10] Doc. 26.
[11] Doc. 30.
[12] Doc. 33.
[13] Plaintiff's pending motions for more time were filed after the Court granted her motion for an extension of time to respond to defendants' motions to dismiss (Doc. 17) by Non-document order of June 5, 2019. With respect to Plaintiff's multiple pending motions for more time, while the Court did not rule, the motions were granted in practical effect as she had the time she requested, and more, before the Court took action on defendants' motions to dismiss. But despite ample additional time, as of the date of this Opinion and Order Plaintiff has not responded to defendants' motions. *See Brown v. Parrish*, No. 2:10-CV-352, 2014 WL 1923349, at *1 (S.D. Ohio May 14, 2014), *report and recommendation adopted,* No. 2:10-CV-352, 2014 WL 2968685 (S.D. Ohio July 1, 2014) ("The Court has not ruled on that motion [for an extension of time], but Mr. Brown has made no effort to file a response even though six months have passed since his last request for an extension. The Court will proceed to analyze the [defendants'] motion [for summary judgment] on the basis of the present record.").

Embedded in one of Plaintiff's motions is a request for an indefinite stay so she can "decide what route to go in proceeding forward with this case" and to address "threshold matters" and reduce the content of the complaint to define with specific particularity what I am asking the Court to grant." *See* Doc. 33 at 6,18-19. Plaintiff has chosen to proceed *pro se* and it is her obligation to diligently pursue her case. Moreover, an indefinite delay in this case involving events which occurred more than a decade ago would prejudice defendants. Plaintiff's motion for an indefinite stay is not legally warranted and is denied.
[14] Doc. 22.
[15] Doc. 3.
[16] Doc. 19.

Case No. 1:19CV00784
Gwin, J.

Plaintiff brings this action pursuant to the Court's diversity jurisdiction.[17] As the party filing this action in federal court, it is Plaintiff's burden to establish the Court's authority to hear this case.[18] Federal jurisdiction under 28 U.S.C. § 1332 requires complete diversity and an amount in controversy exceeding $75,000.00.[19] To establish diversity, Plaintiff must show that she is a citizen of one state and defendants are all citizens of other states.

With respect to the individual defendants, "[c]itizen and its variant citizenship have acquired a particular meaning in our law as being equivalent to domicile."[20] "In elemental terms, domicile consists of (1) residence and (2) an intent to remain there."[21] One's domicile is the "true, fixed, and permanent home .... [and] the place to which [one] returns whenever he [or she] is absent."[22] "An individual ... may have several residences, but only one domicile."[23] A corporation is a citizen of any State by which it has been incorporated and is a citizen of the State where it has its principal place of business.[24]

Even with the benefit of liberal construction, Plaintiff has failed to allege enough facts to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332. By way of example, Plaintiff alleges that John Britton, Neil Yarborough, and Robert King are "registered lawyers" in North Carolina "headquartered" at a North Carolina address.[25]

---

[17] Doc. 4-1 ¶ 2.
[18] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (collecting cases).
[19] 28 U.S.C. § 1332(a)(1).
[20] *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 389 (6th Cir. 2016) (internal quotation marks and citation omitted).
[21] *Id.* at 390 (citation omitted).
[22] *Eastman v. Univ. of Mich.*, 30 F.3d 670, 672-73 (6th Cir. 1994).
[23] *Id.* at 673.
[24] 28 U.S.C. § 1332 (c)(1).
[25] *See* Doc. 4-1 at 38, 41, 42.

Case No. 1:19CV00784
Gwin, J.

Even if true, these allegations do not establish the citizenship of Britton, Yarborough, or King, and the Court is not required to construct claims or to conjure factual allegations on Plaintiff's behalf.[26] Accordingly, Plaintiff fails to allege facts which establish the Court's jurisdiction on the basis of 28 U.S.C. § 1332.

While Plaintiff does not invoke federal question jurisdiction under 28 U.S.C. § 1331 for jurisdiction, the complaint alleges violations of various federal laws and the United States Constitution. The Court's federal question jurisdiction is plain on the face of the complaint. Therefore, in the spirit of liberal construction, the Court finds that it has federal question jurisdiction over this case under 28 U.S.C. § 1331.

### B. Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers,[27] *pro se* plaintiffs are not exempt from the requirements of the Federal Rules of Civil Procedure.[28] With respect to defendants' motions to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of establishing the Court's personal jurisdiction.[29]

Rule 12(b)(1) motions for lack of subject matter jurisdiction can be facial or factual attacks. A facial attack challenges the sufficiency of the pleading itself.[30] When reviewing

---

[26] *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a *pro se* litigant, ... it ... does not require a court to conjure allegations on a litigant's behalf.").
[27] *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).
[28] *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).
[29] *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted).
[30] *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

Case No. 1:19CV00784
Gwin, J.

a facial attack,[31] the Court must take the allegations in the complaint as true, similar to the standard of review applied to Rule 12(b)(6) motions.[32] As the party bringing this action to federal court, it is Plaintiff's burden to establish the court's federal subject matter jurisdiction to survive a Fed. R. Civ. P. 12(b)(1) motion.[33]

Under Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must present enough facts "to state a claim to relief that it is plausible on its face" when all of its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor.[34]

C. Defendants' Motions to Dismiss are Granted

Multiple defendants have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6),[35] arguing variously that Plaintiff lacks standing to assert claims under federal criminal statutes, she cannot assert constitutional claims against private actors, her claims are barred by the doctrines of *Rooker-Feldman* and *res judicata*, and she fails to state a plausible claim for relief.

> 1. Plaintiff's First, Second, Third, and Fourth Causes of Action Are Dismissed.

---

[31] "A motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* is a facial attack of a court's subject matter jurisdiction." *Hughes v. Deutsche Bank Nat'l Tr. Co.*, No. 5:19-CV-00011, 2019 WL 4934507, at *2 (N.D. Ohio Oct. 7, 2019) (internal quotation marks and citation omitted).
[32] *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990).
[33] *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d. 266, 269 (6th Cir. 1990); *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000).
[34] *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).
[35] *See* Docs. 12, 13, 18, 21, 24, and 25.

Case No. 1:19CV00784
Gwin, J.

Plaintiff's claims in her first four causes of action consist of allegations that defendants committed fraud and deceptive trade practices and violated RICO, RESPA, TILA, HOEPA, and Regulation Z concerning the events surrounding the Property loan, state court proceedings, and foreclosure of the Property. Plaintiff alleges that decisions, rulings, and judgments by the state courts in North Carolina which resulted in the foreclosure are the source of the injuries she claims in this action. For relief, she seeks statutory, compensatory, and punitive damages, and asks the Court to award her quiet title to the Property or award her treble damages based on today's market value.[36]

### *Rooker-Feldman*

If successful, Plaintiff's claims for relief would require this Court to overrule final North Carolina state court decisions concerning the Property loan and foreclosure of the Property. The *Rooker-Feldman* doctrine, however, precludes these claims.

The *Rooker-Feldman* doctrine provides that lower federal courts do not have subject matter jurisdiction to review the decisions of state courts.[37] The *Rooker-Feldman* doctrine stops "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[38] "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction."[39]

---

[36] *See* Doc. 4-1 ¶ 214.
[37] *See Givens v. Homecomings Financial*, Case No. 07-2359, 278 F. App'x 607, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008).
[38] *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
[39] *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Case No. 1:19CV00784
Gwin, J.

At bottom, Plaintiff's injuries arguably result from a series of decisions by the North Carolina state courts rejecting Plaintiff's arguments that the Property loan and foreclosure were illegal. Indeed, Plaintiff repeatedly states in her complaint that the Property foreclosure was illegal.[40]

In this case, Plaintiff challenges the outcome of the unfavorable state court rulings that resulted in the foreclosure, and her claimed injuries.[41] Plaintiff claims that the state court was complicit in the illegal foreclosure on the Property.[42]

In order to grant Plaintiff the relief she seeks, the Court must ultimately reject the state courts' rulings and judgments in the foreclosure proceedings and related cases. This Court may not exercise subject matter jurisdiction to do so. Only the United States Supreme Court may perform what amounts to an appellate review of the North Carolina state court rulings.[43]

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's First, Second, Third, and Fourth causes of action. Defendants' motions to dismiss are granted and

---

[40] Plaintiff outlines the timeline of the various legal actions in North Carolina which resulted in the alleged illegal foreclosure of the Property (Doc. 4-1 ¶ 150), including the following (among numerous other references): *Id.* ¶ 7 ("The offenses commissioned through the courts entangled me and the courts in an illegal foreclosure proceeding[.]"); *id.* ¶ 44 (defendant Colvin obtained Plaintiff's Property through an illegal foreclosure proceeding); *id.* ¶ 46 (defendants' acts forced Plaintiff into an illegal foreclosure proceeding); *id.* ¶ 55 (defendants transferred ownership of the Property after the completed illegal foreclosure); *id.* ¶ 62 (defendants worked in concert to take Plaintiff's home in an illegal foreclosure); *id.* ¶ 64 (defendants used the machinery of the courts to perpetrate the illegal foreclosure on the Property); *id.* at 39 ("the end in Plaintiff's case was an illegal foreclosure"); *id* at 53 ("Plaintiff had to file bankruptcy to stop that illegal foreclosure."); *id.* ¶ 92 (defendants worked together in an illegal foreclosure executed by an Order of Assistant Clerk of Court Barker to enforce a Power of Sale engaging the court as the criminal enterprise under the guise of authority); *id.* ¶¶ 132-33 (Plaintiff filed motion to dismiss the illegal foreclosure); *id.* ¶ 176 (after a 9-year brutal battle that Plaintiff sought to save her home, defendants finally succeeded in executing an illegal foreclosure).
[41] *See e.g. Doc. 4-1 at 48 (defendant Britton in pre-foreclosure hearing before the assistant clerk of court declared the rescission void in order to seek an Order for Power of Sale of the Property).
[42] *See e.g. id.* at 46 (assistant clerk of the Cumberland County Court was part of the illegal Property foreclosure).
[43] *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir. 2008).

Case No. 1:19CV00784
Gwin, J.

Plaintiff's First, Second, Third, and Fourth causes of action are dismissed as to all defendants.[44]

### Res Judicata

Even if all of Plaintiff's claims in her first four causes of action are not barred by the *Rooker-Feldman* doctrine, they are barred by *res judicata*. *Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action."[45] In deciding whether res judicata stops a collateral challenge to the state court foreclosure judgment, this Court must apply the state law where the prior judgment was rendered to determine if, and to what extent, the prior judgment should be given res judicata effect.[46] Federal courts must give the same preclusive effect to a state court judgment as that judgment would receive in the state in which it was rendered.[47] Because the state court actions took place in North Carolina, the Court applies North Carolina law to determine the preclusive effect of the North Carolina state court judgments.

Following North Carolina law, "[u]nder the doctrine of claim preclusion, or *res judicata,* a final judgment on the merits in a prior action in a court of competent

---
[44] *See Melia v. Bank of New York Mellon*, No. 1:18 CV 1182, 2018 WL 4701601, at *2 (N.D. Ohio Oct. 1, 2018) ("In effect, the relief [Plaintiff] seeks requires the Court to overturn the Florida court's judgement of foreclosure.") (citing *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of claims asserted in federal court resting on premise that state foreclosure judgment was invalid)).
[45] *In re Alfes v. Educ. Credit Mgmt. Corp.*, 709 F.3d 631, 638 (6th Cir. 2013).
[46] *In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999).
[47] *See* 28 U.S.C. § 1738.

Case No. 1:19CV00784
Gwin, J.

jurisdiction precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[48]

In this case, in addition to defending the North Carolina foreclosure action, Plaintiff initiated actions both in North Carolina state court and bankruptcy court to forestall foreclosure of the Property.[49] Indeed, Plaintiff alleges that she brought her RICO claims to "5 different authorities," including state court and federal court.[50] Moreover, Plaintiff actually incorporates the claims from the North Carolina state court action that she used to fight the Property foreclosure into the instant action "as evidence of the original allegations of violations named in the First Cause of Action to continue in every cause listed herein[.]"[51]

Plaintiff's claims here arise out of the same foreclosure events Stephens challenged in the foreclosure action, and in the North Carolina state court and federal bankruptcy

---

[48] *Lawson v. Toney*, 169 F. Supp. 2d 456, 462 (M.D.N.C. 2001) (citing *Thomas M. McInnis & Assocs., Inc. v. Hall,* 349 S.E.2d 552, 556 (1986)); *see also Lee v. Allstate Ins. Co.*, 698 S.E.2d 556 (2010) ("In determining whether there is an identity of the causes of action in both the earlier and the later suit, this Court has held that "[s]trict identity of issues ... is not absolutely required[;]" "the doctrine of *res judicata* ... [also] appl[ies] to those issues which *could have been raised* in the prior action.") (internal quotation marks omitted) (quoting *Caswell Realty Assoc. v. Andrews Co.,* 496 S.E.2d 607, 610 (1998)).
[49] *See* Doc. 4-1 ¶¶ 68, 178; *see also* Doc. 1-1 at 85-86 (North Carolina Superior Court finding that Plaintiff failed to establish any legal or equitable reason why Provident Bank is not entitled to proceed with the foreclosure of the Property and denying Plaintiff's motion for injunctive relief).
[50] *Id.* at 123.
[51] *Id.* ¶ 205; *see also id.* ¶ 68 (Plaintiff's original State Case Action, 99 CVS 3201, filed May 6, 1999 by Plaintiff's counsel of record, is incorporated by reference in this action "as stated evidence of the original offenses commissioned."); *id.* ¶ 178 (Plaintiff filed state court action in the Cumberland County Court and adversary proceeding in Federal Bankruptcy concerning the Property foreclosure, and defendants' acts of fraud, extortion, and deceptive trade practices are "[p]leaded and stated by reference in the allegations and statements of [Plaintiff's state action] to be incorporated in their entirety as factual allegations [in this case].").

Case No. 1:19CV00784
Gwin, J.

actions more than a decade ago. But, Plaintiff's various foreclosure arguments[52] were unsuccessful.[53]

In sum, Plaintiff here argues that the Property foreclosure was illegal because the foreclosing defendants did not have a valid and enforceable claim to the Property and committed fraud to achieve the foreclosure. These are the same arguments Plaintiff made, or could have made, in the North Carolina foreclosure action or the North Carolina state court action and federal bankruptcy action she filed a decade ago in her challenge the Property foreclosure. These proceedings involved some the same defendants, or their employees, agents, or predecessors, that she sues here. Plaintiff cannot relitigate the issues and claims made in the North Carolina cases or claims that she could have litigated in those North Carolina state court actions.

Accordingly, Plaintiff's First, Second, Third, and Fourth causes of action that are not barred by *Rooker-Feldman* are barred by *res judicata*. Defendants' motions to dismiss are granted and Plaintiff's First, Second, Third, and Fourth causes of action are dismissed as to all Defendants.

---

[52] *See* Doc. 4-1 at 29, 32, 125-26; *see also* Doc. 1-1 at 38-48 n.4 (federal bankruptcy court denied Plaintiff's motion in adversary proceeding against Provident (among other defendants) for a preliminary injunction to prevent foreclosure on the Property noting that she has an adequate remedy at law: "While Plaintiff has sought the remedy of rescission, the mortgage contracts could only be rescinded upon Plaintiff's returning the principal amount borrowed. As Plaintiff is unable or unwilling to dos so, rescission is not an available remedy.").

[53] In the Complaint, Plaintiff points to the Supreme Court's 2015 decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015). Doc. 4-1 ¶ 110. She claims *Jesinoski* enabled her to file this "Final Complaint for Justice" in 2019. *Id.* ¶ 111. But *Jesinoski* does not change the preclusive effect of North Carolina state court proceedings in which Plaintiff argued that the foreclosure of the Property was illegal for multiple reasons, including rescission. *See GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 343-44 (6th Cir. 2016); *see also Morton v. Bank of Am. Home Loans Servicing LP*, No. 17-2230, 2018 WL 1756634, at *3 (6th Cir. Mar. 19, 2018) ("Morton's reassertion of the allegations underlying his TILA claim is unavailing because the claim is barred by *res judicata*, as set forth above. Morton's argument that the district court erroneously rejected the significance of the Supreme Court's decision in [*Jesinoski*] is misplaced."), *cert. denied sub nom. Morton v. Bank of Am. Home Loans, L.P.*, 139 S. Ct. 2679, 204 L. Ed. 2d 1071 (2019);.

Case No. 1:19CV00784
Gwin, J.

## 2. Plaintiff's Fifth, Sixth, and Seventh Causes of Action Are Dismissed.

In causes of action 5-7, Plaintiff alleges that defendants violated various criminal statutes. "It is well settled that unless specifically provided for, federal criminal statutes rarely create private rights of action."[54] The fact that a federal statute has been violated and does not automatically give rise to a private cause of action for the person allegedly harmed.[55] The Supreme Court has "rarely implied a private right of action under a criminal statute."[56] In the absence of a private right of action under a criminal statute, this Court lacks jurisdiction over such causes of action.[57]

In her Fifth cause of action,[58] Plaintiff alleges bank fraud in violation of 18 U.S.C. § 1344. In her Sixth cause of action,[59] Plaintiff alleges common law fraud, inducement, and fraud upon the court "to include violations of" 18 U.S.C. §§ 1341, 1343, 1344, and 1346. In her Seventh cause of action,[60] Plaintiff alleges a retaliation claim under 18 U.S.C. § 1513. These criminal statutes do not create private rights of action.[61]

---

[54] *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 528 (E.D. Ky. 2005) (citing *Nashville Milk Co. v. Carnation Co.,* 355 U.S. 967 (1958)).
[55] *Id.* (citing *Touche Ross & Co. v. Redington,* 442 U.S. 560 (1979)).
[56] *Id.* (citing Chrysler v. Brown, 441 U.S. 281, 316 (1979)).
[57] *Id.* (citation omitted).
[58] Doc. 4-1 ¶ 209.
[59] Doc. 4-1 ¶ 210.
[60] Doc. 4-1 ¶ 211.
[61] *Milgrom,* 374 F. Supp. at 528-29 (no cognizable civil cause of action under 18 U.S.C. §§ 1344); *Burt v. Hommrich*, No. 1:18-CV-234-TRM-SKL, 2018 WL 7917072, at *5 (E.D. Tenn. Nov. 20, 2018) ("The Sixth Circuit has also held 18 U.S.C. § 1341, which prohibits mail fraud, does not create a private right of action.") (citing *Beverly v. Beverly,* No. 17-3919, 2018 WL 1176508, at *1 (6th Cir. Jan. 30, 2018)); *Hooker v. Hooker*, No. 2:11-CV-02252-JTF-TM, 2014 WL 2433985, at *7 (W.D. Tenn. May 28, 2014) (No private right of action exists under the wire fraud statute 18 U.S.C. § 1343.) (citing *Saro v. Brown,* 11 F. App'x 387, 388 (6th Cir. 2001)); *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018), *cert. denied,* 139 S. Ct. 1178 (2019) (affirming district court's dismissal of plaintiff's claims pursuant to 18 U.S.C. § 1346 (among other criminal statutes) for failure to state a claim because this criminal statute does not create a private cause of action) (citations omitted); *Black v. Mt. Pleasant Tenn. Police Dep't*, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (dismissing plaintiff's claim under 18 U.S.C. § 1513 because there is no private right of action for violation of 18 U.S.C. § 1513) (citation omitted).

Case No. 1:19CV00784
Gwin, J.

Only the Justice Department, not individuals, has the authority to prosecute violations. Plaintiff does not have authority to bring a civil action against defendants for alleged violations the criminal statutes alleged in her Fifth, Sixth, and Seventh cause of action.[62] Accordingly, this Court does not have subject matter jurisdiction[63] over these claims. Defendants' motions to dismiss are granted and Plaintiff's Fifth, Sixth, and Seventh causes of action are dismissed as to all Defendants.

### 3. Plaintiff's Eighth Cause of Action Is Dismissed.

In her Eighth cause of action,[64] Plaintiff alleges that Defendants committed fraud upon the state court in connection with the Property foreclosure proceedings in the North Carolina state court. But Plaintiff may only maintain a fraud upon the court cause of action in the court where the alleged fraud was committed.[65]

Accordingly, Defendants' motions to dismiss are granted, and Plaintiff's Eighth cause of action is dismissed as to all Defendants.

### 4. Plaintiff's Ninth Cause of Action Is Dismissed.

---

[62] *Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (Plaintiff lacks standing to raise claims under criminal statutes that do not create a private cause of action.) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)).
[63] *Sinkfield v. U.S. Marshals Serv.*, No. 1:19CV00392, 2019 WL 4991644, at *3 (N.D. Ohio Oct. 7, 2019) ("Plaintiff lacks standing to bring a claim under [the federal criminal statute] 18 U.S.C.A. § 2340A and, thus, fails to establish the Court's subject matter jurisdiction under the statute.").
[64] Doc. 4-1 ¶ 212.
[65] *See Lewis v. Walker*, No. 17-6041, 2018 WL 4348063, at *4 (6th Cir. Mar. 15, 2018) ("[Plaintiff] cites no authority to support his proposition that a claim of fraud upon the court can be used to recover damages in a § 1983 action for fraud alleged to have occurred in a prior proceeding.") (citing *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1272 (S.D. Fla. 2004) (holding that a plaintiff cannot maintain "an independent action for damages [for fraud upon the court] in a court that is not the one in which the alleged fraud was committed"), *aff'd*, 470 F.3d 1036 (11th Cir. 2006)).

Case No. 1:19CV00784
Gwin, J.

In her Ninth cause of action,[66] Plaintiff alleges that Defendants' illegal foreclosure of the Property violated her Fifth and Fourteenth Amendment rights. The Defendants for this claim are lawyers, law firms, title companies, and other individuals.

A civil remedy for deprivation of an individual's constitutional rights by a person acting under color of state law is available through 42 U.S.C. § 1983.[67] But "there is no constitutional right to be free from harm inflicted by private actors."[68] Even with the benefit of liberal construction, there are no allegation in the complaint for the Court to reasonably infer that the alleged actions of these Defendants are "fairly attributable" to the State.[69] Accordingly, Plaintiff fails to state a plausible claim upon which relief may be granted. Defendants' motion to dismiss is granted and Plaintiff's Ninth cause of action is dismissed as to all Defendants.

For all of the foregoing reasons, Defendants' motions to dismiss pursuant to Rule 12(b)(1) and 12(b)(6)[70] are granted and Plaintiff's complaint is dismissed in its entirety against all Defendants.[71]

---

[66] Doc. 4-1 ¶ 213.
[67] *West v. Atkins*, 487 U.S. 42, 48 (1988).
[68] *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("A due process claim lies only against a governmental defendant.") (citations omitted).
[69] *Bell v. Mgmt. & Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005) (citing *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982)).
[70] Doc. 12, 13, 18, 21, 24, 25.
[71] Defendant North Carolina Cumberland County Court is dismissed for the additional reason that the Court lacks personal and subject matter jurisdiction over the Cumberland County Court, and it is not a "person" subject to suit under § 1983 and is immune from suit. *See Aikens v. Mecklenburg Cty.*, No. 3:19-CV-389-FDW, 2019 WL 4458872, at *2 (W.D.N.C. Sept. 17, 2019) (Plaintiff's § 1983 claim against Mecklenburg County Court is dismissed because the county court is not a person and its personnel are immune from suit.) (collecting cases). And to the extent that the Cumberland County Court is an entity of the State of North Carolina, the Eleventh Amendment prohibits actions in federal court against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity, neither of which are the case here. *See Glover v. Charlotte Corr. Ctr.*, No. 3:10CV523-RJC, 2010 WL 4718397, at *1 (W.D.N.C. Nov. 15, 2010) (citing *Ballenger v. Owens,* 352 F.3d 842, 844-45 (4th Cir. 2003)); *H.B. Rowe Co. v. Tippett*, No. 5:03-CV-278-BO, 2007 WL 7766702, at *6 (E.D.N.C. Mar. 30, 2007) ("Congress did not abrogate the states' sovereign immunity in enacting § 1983.") (citing *Quern v. Jordan,* 440

Case No. 1:19CV00784
Gwin, J.

### D. Plaintiff's Motions to Amend are Denied

Plaintiff seeks to further amend her complaint to streamline her RICO and other claims and to add a *qui tam* action. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the Court, which "should freely give leave when justice so requires." However, leave to amend may be denied where the amendment would be futile because "the proposed amendment would not survive a motion to dismiss."[72]

---

U.S. 332, 340-45 (1979)); *Diede v. UNC Healthcare*, No. 5:16-CV-00788-BR, 2018 WL 549430, at *3 (E.D.N.C. Jan. 24, 2018) (University of North Carolina cannot be sued in federal court under § 1983 because the university is an alter ego of the State of North Carolina which has not waived its Eleventh Amendment immunity) (collecting cases). *See* Doc. 12.

Defendants Neil Yarborough, John Britton, Terry Hutchens, Hutchens Law Firm, Substitute Trustee Services, Robert King, Law Firm of Brooks Pierce McLendon Humphrey and Leonard, and Mitchell Colvin, are dismissed from this action for the additional reason that the Court lacks personal jurisdiction over these defendants. Dismissal pursuant to Rule 12(b)(2) is proper where the plaintiff's factual allegations fail to establish a *prima facie* case for personal jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). To make out a *prima facie* case for the Court's exercise of personal jurisdiction over a defendant, Plaintiff must establish "with reasonable particularity sufficient contacts between [defendants] and the forum state to support jurisdiction." *Opportunity Fund, LLC,* 912 F.Supp.2d at 537–38 (some internal quotation marks omitted)) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002) (further citation omitted)).

Whether a federal court's jurisdiction arises under 28 U.S.C. §§ 1331 or 1332, Plaintiff must satisfy the forum state's requirements for personal jurisdiction. *See Thomas W. Petrarca Corp. v. Writers Guild of Am. W. Inc.*, No. 4:08CV1337, 2008 WL 5725659, at *2 (N.D. Ohio July 30, 2008) (citations omitted). In Ohio, courts exercise personal jurisdiction over a non-resident defendant if his conduct falls within one of the bases for jurisdiction listed by the Ohio long-arm statute. *See Opportunity Fund, LLC v. Epitome Systems, Inc.,* 912 F.Supp.2d 531, 537–38 (N.D. Ohio 2012) (citing Ohio Rev.Code § 2307.382(A)). Because Ohio's long-arm statute is not coterminous with federal constitutional limits, Plaintiff must also show that the court's exercise of jurisdiction over the defendants comport with due process and, if either factor of this two-part analysis fails, the Court cannot exercise personal jurisdiction over the defendants. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Plaintiff's allegations, taken as true and considered in a light most favorable to Plaintiff, fail to establish a *prima facie* case for personal jurisdiction over any of the Defendants moving for dismissal pursuant to Rule 12(b)(2). *See* Doc. 9, 10, 18, 24, 25. Indeed, the affidavits submitted by Defendants in support of their motions to dismiss for lack of personal jurisdiction, considered in a light most favorable to Plaintiff, establish that they lack either the general or specific contacts with the State of Ohio necessary to establish personal jurisdiction under Ohio's long-arm statute (*see* Doc. 9-1, Doc. 10-1, Doc. 18-2, Doc. 18-3, Doc. 24-3).

[72] *SFS Check, LLC v. First Bank of Del.,* 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000) and *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010)).

Case No. 1:19CV00784
Gwin, J.

With respect to Plaintiff's motion to streamline her RICO and other claims, such an amendment would not change the outcome of the Court's analysis that such claims are stopped by *Rooker-Feldman* or *res judicata* for the above-stated reasons. Accordingly, Plaintiff's motions to amend to streamline her RICO and other claims are denied as futile.

With respect to Plaintiff's motion seeking to make a *qui tam* claim, the False Claims Act prohibits any person from making false or fraudulent claims for payment to the United States.[73] It is unclear how the subject matter of this lawsuit – residential foreclosure – would involve the False Claims Act. That said, if Plaintiff were to amend the complaint to assert claims that implicated the False Claims Act, such an amendment would be futile because "courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions."[74] Thus, the Court "'lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant."[75] Accordingly, Plaintiff's motion to amend is denied as futile because it would not survive a motion to dismiss for lack of subject matter jurisdiction.

### E. Plaintiff's Motion for Default Judgment is Denied.

Plaintiff moves for default judgment against certain Defendants. Before the Court may entertain a motion for default judgment, Plaintiff must satisfy Rule 55(a) by obtaining an entry of default by the clerk of court against the defendants whom Plaintiff seeks default

---

[73] *Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 411 (2005) (citing 31 U.S.C. § 3729).
[74] *McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (internal quotation marks omitted) (collecting cases).
[75] *Id.*

Case No. 1:19CV00784
Gwin, J.

judgment. After the clerk enters the defendants' default, Plaintiff may move the Court for default judgment under Rule 55(b).[76]

A review of the docket in this case shows that Plaintiff has not satisfied the first step for obtaining default judgment – clerk's entry of default under Rule 55(a). Accordingly, Plaintiff's motion for default judgment is denied.

### F. State Law Claims are Dismissed

To the extent that Plaintiff may be making state law claims, the Court declines to exercise supplemental jurisdiction over those claims.

Supplemental jurisdiction is controlled by 28 U.S.C. § 1367. That law includes an option permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction.[77] The basis for this Court's original jurisdiction is 28 U.S.C. § 1331. Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any potential state claims in this case pursuant to 28 U.S.C. § 1367(c).

### III. Conclusion

For all the foregoing reasons:

---

[76] *Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202, at *1 (S.D. Ohio Nov. 15, 2019) (denying plaintiff's motion for default judgment for failure to comply with Rule 55(a)) (citing *Heard v. Caruso,* 351 F. App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a) (citation omitted)); *Shoemake v. Mansfield City Sch.*, No. 1:13CV2505, 2015 WL 13810793, at *3 (N.D. Ohio Apr. 20, 2015) (same) (collecting cases).
[77] 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction).

Case No. 1:19CV00784
Gwin, J.

(1) Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) are **GRANTED**,[78] and Plaintiff's complaint[79] and amended complaint[80] are dismissed in their entirety as to all Defendants.

(2) Plaintiff's motions to further amend her pleadings and for an indefinite stay of proceedings are **DENIED**, and motions to extend the time to respond to Defendants' motions are **DENIED AS MOOT**.[81]

(3) Plaintiff's motion for default judgment is **DENIED**,[82] and Plaintiff's motion to submit proof of service of documents is **DENIED AS MOOT**.[83]

(4) Plaintiff's motion to file electronically[84] is **DENIED AS MOOT**.

(5) Plaintiff's state law claims are dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: January 28, 2020         *s/ James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[78] Docs. 9, 10, 12, 13, 18, 21, 24, 25.
[79] Doc. 1.
[80] Doc. 4-1.
[81] Docs. 23, 26, 30, 33.
[82] Doc. 22.
[83] Doc. 19.
[84] Doc. 3.