Case No. 1:19-cv-00784
Gwin, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| LENORA STEPHENS, | : | CASE NO. 1:19-cv-00784 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : |  |
|  | : | [Resolving Docs. 38, 48, 49, 51] |
|  | : |  |
| NATIONAL CITY CORP., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Lenora Stephens sues twenty-two Defendants.  In her complaint and

amended complaint, Stephens alleges that the Defendants engaged in a RICO conspiracy

and violated numerous federal laws and her Constitutional right to due process in

connection with a foreclosure on certain real property.

On January 28, 2020, the Court dismissed Plaintiff's complaint.[1]  On February 25,

2020, Plaintiff filed a motion to "re-enter" the case, citing Federal Rules of Civil Procedure

52, 59, and 60.[2]  Defendants opposed.[3]  Plaintiff replied.[4]

On May 11, 2020, while Plaintiff's motion was pending, Plaintiff filed a motion for

leave to amend her motion to "re-enter."[5]  On May 21 and 22, 2020, Defendants moved to

---

[1] Doc. 36.
[2] Doc. 38.
[3] Docs. 39, 40, 41, 42.
[4] Docs. 44, 45, 46, 47.
[5] Doc. 48.

-1-

Case No. 1:19-cv-00784
Gwin, J.

strike Plaintiff's motion to amend.[6]  Plaintiff then filed a motion to strike Defendants'

oppositions to her motion to amend as well as her motion to re-enter.[7]

For the following reasons' the Court **DENIES** Plaintiff's motions.

I.       Discussion

Plaintiff claimed nine causes of action regarding the events surrounding the

foreclosure on her real property.  Stephens alleged violations of various federal laws

including RICO, TILA, and RESPA, and the United States Constitution and sought quiet title

and money damages.

A.  Motion to Reconsider

The Court treats Stephens's motion to reconsider as a motion to reconsider.  The

motion references three separate Federal Rules of Civil Procedure—Rule 52, Rule 59, and

Rule 60.

Under Rule 52, "[o]n a party's motion . . . the court may amend its findings . . . ."

The Court is not "required to state findings or conclusions" where, as here, it dismisses an

action under Rule 12.[8]  However, the Court agrees with the conclusions, stated in its

previous order, regarding the legal deficiencies of Plaintiff's complaint.  The Court

therefore denies Plaintiff's Rule 52 motion.

Rule 59 allows the Court to alter its earlier decision if there was a clear error of

law, newly discovered evidence, an intervening change in law, or a need to prevent

---

[6] Docs. 49 and 50.
[7] Doc. 51.
[8] Fed. R. Civ. P. 52.

Case No. 1:19-cv-00784
Gwin, J.

manifest injustice.[9]  None of those circumstances are present here, so the Court also denies

Plaintiff's Rule 59 motion.

Finally, under Rule 60, the Court can relieve a party from final judgment for

mistake, new evidence, fraud, void judgment, satisfied judgment, or any other reason.[10]

Plaintiff appears to argue that her failure to respond to Defendants' motions to

dismiss in the approximately six months after she requested extensions of time to do so was

due to mistake on her part regarding the effect of those pending extension motions.[11]

However, Plaintiff does not explain how her opposition to the motion to dismiss would

have cured the legal deficiencies in her pleadings.  The Court did not dismiss Plaintiff's

complaint for failure to prosecute.  Instead, the Court carefully considered Plaintiff's claims

and determined that they did not meet the legal requirements.  This continues to be the

case.

Plaintiff also appears to argue that Defendants' alleged fraud provides justification

for allowing Plaintiff's claims to proceed.[12]  However, even assuming arguendo that

Defendants did commit fraud during the foreclosure of Plaintiff's property in 2007, that fact

does not excuse Plaintiff from having to state a valid claim for relief.

The Court also denies Plaintiff's motion under Rule 60.

### B.  Motion to Amend

---

[9] *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-552 (6th Cir. 2012).
[10] Fed. R. Civ. P. 60 (b).
[11] Doc. 38 at 2-6.
[12] Doc. 38.

Case No. 1:19-cv-00784
Gwin, J.

Stephens also seeks to amend her reentry motion, filing what for all intents and purposes is an impermissible surreply.[13]  The motion is twenty-six pages single-spaced, exclusive of exhibits, and does not argue that good cause exists for the surreply apart from Plaintiff's desire to further explain the "extreme circumstances" of her case.  Much of the pleading is devoted to irrelevant personal details of Plaintiff's life.  Approximately five pages discuss Plaintiff's "Spiritual Understanding In These Proceedings," which also appear to have no relevance to these legal proceedings.

While the Court understands that *pro se* plaintiffs may lack familiarity with court rules and leniency is sometimes warranted when such parties fail to comply with the rules' requirements, Plaintiff's *pro se* status does not excuse her compliance with the Federal Rules of Civil Procedure and local rules.

In this case, Plaintiff has continuously filed overlong motions.  Plaintiff now seeks to file another brief in addition to the four overly long, single-spaced briefs she has already filed in support of her motion to reconsider.  Such filings run afoul of local rules, which help courts balance the need to preserve judicial resources while also allotting each party equal opportunities to be heard.[14]

Plaintiff attempts to correct these deficiencies in her motion to strike by suggesting line edits that the Court should apply to her earlier motions in order to bring her filings into compliance.  Plaintiff cannot correct previous filings in this manner, which would only further waste judicial resources.

---

[13] *In re Steinle*, 835 F.Supp.2d 437, 443 (N.D. Ohio 2011) ("Neither the Federal Rules of Civil Procedure, nor the Northern District of Ohio's Local Rules, provide for a surreply brief as a matter of course.").
[14] *See* Local Civil Rule 7.1 (discussing permissible memo lengths and requirements).

-4-

Case No. 1:19-cv-00784
Gwin, J.

Moreover, Plaintiff has not offered good reason for why leave to amend should be granted.  Plaintiff argues in her motion to strike that leave to amend should be granted because of her discovery of the Supreme Court case *Takhar v. Gracefield*.[15]  But that is a case decided by the Supreme Court of the United Kingdom.  And even if it had any relevance here, it was decided in early 2019, before the Court's order granting dismissal in this case.  Plaintiff's failure to discover the case earlier cannot provide good cause to allow what is effectively a surreply.

The Court therefore exercises its broad discretion to manage its docket by striking Plaintiff's surreply, stylized as a motion to amend.[16]  Additionally, the Court cautions Plaintiff that any future filings that do not comply with the rules are also subject to being stricken at the Court's discretion.

## C.  Motion to strike

Plaintiff argues in her motion to strike that the Court should strike all of Defendants' filings since the order of dismissal because of Defendants' ongoing fraud.[17]  Plaintiff fails to point to any actual or even seemingly fraudulent acts in regard to those filings, except for Defendants' alleged "misrepresentations of the rule of law."[18]  If Plaintiff disagrees with Defendants' legal arguments, the proper recourse is for Plaintiff to raise counter arguments, rather than seek to strike Defendants' filings.  The motion to strike is also denied.

## II.    Conclusion

---

[15] Doc. 51 at 2.
[16] *ACLU of Ky. v. McCreary Cty. Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) ("[A] district court has broad discretion to manage its docket.").
[17] Doc. 51 at 5.
[18] Doc. 51 at 1, 5.

Case No. 1:19-cv-00784
Gwin, J.

The Court **DENIES** Plaintiff's motion for reconsideration, **GRANTS** Defendants'

motion to strike Plaintiff's motion to amend, and **DENIES** Plaintiff's motion to strike.  The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith.


IT IS SO ORDERED.


Dated:  June 11, 2020                    _s/  James S. Gwin_
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE